*118 OPINION.
Lansdon:
We think the respondent correctly disallowed the deductions claimed. If the payments relate at all to “ carrying on a trade or business,” they still may not be allocated as expense of any *119 particular year. Doubtless petitioner more quickly reestablished his standing and credit and built up his new business by reimbursing those who had lost money through a corporation dominated by him and his father, but we do not understand payments of such a nature to be ordinary and necessary business expenses.
In two recent decisions we have held that the payment of discharged obligations for the purpose of reestablishing credit resulted in the acquisition of an intangible capital asset, in the nature of good will, which had a probable life coextensive with the business. Herbert Brush Manufacturing Co., 15 B. T. A. 673; and A. Harris & Co., 16 B. T. A. 705. The latter case was reversed by the Circuit Court of Appeals for the Fifth Circuit in Harris & Co. v. Lucas, 48 Fed. (2d) 187, and the deduction claimed was allowed. The facts of the instant proceeding are distinguished from those of the Harris case. There, a mercantile establishment, which had been discharged from its debts in a compromise settlement, reimbursed its former creditors in an effort to reestablish its-credit so that it could buy without having to pay cash for each order. Here, the bankrupt corporation is no longer in business and an individual is seeking to build up a business by reimbursing creditors of the corporation who have lost money.

Decision will be entered for the respondent.